UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marquis L. Kimble,                                   Case No. 3:25-cv-1810

           Plaintiff,

v.                                                       ORDER

Swanton Police Department, et al.,

           Defendants.

      On November 20, 2025, I issued an Order denying *pro se* Plaintiff Marquis L. Kimble's application to proceed *in forma pauperis*, (Doc. No. 2), and ordering him to pay the filing fee of $405 within thirty (30) days of that Order to avoid dismissal of this action without additional notice. (Doc. No. 10). A copy of the Order was mailed to Plaintiff at the address he had provided to the Court: 2034 Austin Bluffs Court, Toledo, OH 43615. (*See* Nov. 20, 2025 remark regarding *pro se* service). A previous Order had been mailed to this address and was not returned undeliverable. (*See* Doc. No. 7 and Oct. 2, 2025 remark regarding *pro se* service). But my November 20, 2025 Order was returned to the Court as "no mail receptacle" and "unable to forward." (Doc. No. 11).

      It is well-settled that a *pro se* litigant "has an affirmative duty to notify the Court of any change in address." *Oesch v. Ohio Dep't of Corr.*, No. 2:19-cv-1758, 2019 WL 2289836, at *1 (S.D. Ohio May 29, 2019). *See also Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues

... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC,* No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.").

Based on the returned mail, it appears Plaintiff has failed to fulfill his obligation to notify the Court of a current addressed at which he may receive service of filings in this case. I conclude this failure demonstrates a lack of prosecution and dismiss this case without prejudice. Should Plaintiff seek to reopen this case, he must pay the filing fee of $405 and file a motion to reopen which contains his current address no later than January 9, 2026.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge